FILED
2018 Dec-04 PM 02:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JOICE ANN SWOPE,** )<br>)<br>**Claimant,** )<br>)<br>vs. )<br>)<br>**NANCY A. BERRYHILL, Acting** )<br>**Commissioner, Social Security** )<br>**Administration,** )<br>)<br>**Defendant.** ) | Case No. 4:18-cv-717-CLS |

**MEMORANDUM OPINION**

Claimant, Joice Ann Swope, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and widow's insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's residual functional capacity finding was not supported by substantial evidence. Upon review of the record, the court concludes that claimant's contention lacks merit, and that the Commissioner's ruling is due to be affirmed.

The ALJ found that claimant suffered from the severe impairments of: fibroymalgia; left lower extremity shortening and muscle atrophy, pelvic tilt, and compensatory scoliosis secondary to remote history of polio; diverticulitis; depression; and anxiety.[1] Despite those impairments, she retained the residual functional capacity to perform medium work, except that she would be limited to "no climbing; no uneven terrain; occasional stopping and crouching; no left leg pushing or pulling; no unprotected heights; no driving; and occasional contact with the general public."[2] Claimant argues that there is not substantial evidence in the record to support the ALJ's opinion that she can perform any range of medium work.

Social Security regulations define medium work to require "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). If someone can do medium work, the Social

---

[1] Tr. 15.
[2] Tr. 22.

Security Administration also considers that person to be capable of performing light and sedentary work.

Claimant first asserts that the ALJ's residual functional capacity finding was inconsistent with her hearing testimony that the most she could lift was twenty pounds,[3] and with her history of jobs that required lifting no more than twenty to thirty pounds.[4] To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th

---

[3] Tr. 67.
[4] *See* Tr. 74, 237.

Cir. 1986)).

Here, the ALJ considered claimant's testimony and subjective complaints, but found that, while claimant had medical conditions that were capable of producing some pain and other limitations, the evidence did not support a conclusion that claimant's conditions were sufficiently severe to give rise to disabling pain and limitations. He also stated that "claimant's alleged inability to perform all substantial gainful activity simply is not corroborated by the evidence in the record considered as a whole."[5] The ALJ also adequately articulated reasons for his findings. He reasoned that claimant's function report reflected daily activities that were not as limited as would be expected from a disabled individual. He also noted that x-rays of claimant's hip were normal, and she had not been wearing the lift that was prescribed for her left shoe. He observed that treatment records reflected only intermittent complaints of joint and muscle pain, improvement of her fibromyalgia symptoms with medication, and only mild to moderate symptoms from diverticulitis.[6] The ALJ's conclusions were supported by substantial evidence.

Claimant's arguments about her past relevant work miss the mark. Just because she never performed a job at the medium exertional level in the past does not mean she was not capable of doing so at the time, and it has no bearing on whether

---

[5] Tr. 29.
[6] *See* Tr. 23-28.

4

she currently is capable of doing so. Moreover, even though the ALJ found that claimant was not capable of performing her past relevant work as a store laborer at the medium exertional level, that was because of her mental limitations and her restrictions on climbing and driving, not because of her lifting capabilities.[7]

Finally, claimant argues that the ALJ improperly considered the opinions of the consultative and state agency physicians. Social Security regulations provide that, in considering what weight to give any medical opinion, the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments."). Moreover, the opinions of state agency doctors are entitled to substantial consideration. *See Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981) ("The Secretary was justified in accepting the opinion of Dr. Gordon, a qualified reviewing physician, that was supported by the evidence, and in rejecting the conclusory statement of Dr. Harris, a treating physician, that was contrary to the

---

[7] *See* Tr. 29, 84.

evidence."); *Surber v. Commissioner of Social Security Administration*, No. 3:11–cv–1235–J–MCR, 2013 WL 806325, *5 (M.D. Fla. March 5, 2013) (slip copy) ("State agency medical consultants are non-examining sources who are highly qualified physicians and experts in Social Security disability evaluation, and their opinions may be entitled to great weight if supported by evidence in the record.").

Dr. John Lary submitted a consultative Medical Report on May 4, 2015. Claimant reported residual chronic pain from contracting polio as an infant, pelvic obliquity with compensatory scoliosis, chronic arthritis in her spine and right hip, and chronic anxiety and depression. Upon examination, claimant's back musculature was normal, and she was able to flex her upper body 70 degrees at the waist and hyperextend 25 degrees. She had no pedal edema, but she did demonstrate restricted range of motion of her left ankle and mildly restricted range of flexion of her right knee. Her left lower extremity was shorter and smaller than the right. Her left foot also was smaller than the right, causing a mild limp. Claimant could heel walk but not toe walk, and she was able to squat and arise from both a squatting and kneeling position. She demonstrated 5/5 muscle strength in both upper extremities and in her right lower extremity, and 4/5 muscle strength in her left lower extremity. Her grip strength and digital function were normal. Dr. Lary concluded that claimant's "ability to sit is mildly impaired by chronic back pain. Her ability to stand, walk, lift, carry,

bend, squat, and kneel is mildly to minimally impaired. Her ability to reach, see (needs glasses and has monocular vision), hear, speak, understand, and manipulate small objects is unimpaired."[8] The ALJ afforded significant weight to Dr. Lary's opinion because it was "consistent with and supported by the record as a whole."[9]

Dr. Robert Heilpern, the state agency physician, provided a report on May 15, 2015. He reviewed all of claimant's medical records, including Dr. Lary's consultative report, and concluded that claimant was capable of occasionally lifting and carrying twenty pounds, and frequently lifting and carrying ten pounds. She could stand and/or walk for six hours in an eight-hour day, and she could also sit for six hours in an eight-hour day. She was limited to only occasional pushing and pulling with her left lower extremity due to weakness and a left foot deformity. She could occasionally climb ramps and stairs, stoop, balance, kneel, crouch, and crawl, but she could never climb ladders, ropes, or scaffolds. She should avoid all exposure to hazards like machinery and heights, but did not have any other environmental limitations.[10] The ALJ afforded Dr. Heilpern's assessment "some weight," crediting it only to the extent that it was consistent with a residual functional capacity for medium work.[11]

---

[8] Tr. 409-13.
[9] Tr. 28.
[10] Tr. 91-106.
[11] Tr. 28.

Claimant does not actually offer any argument that the ALJ should have afforded a different amount of weight to either of those physicians' opinions. Instead, she asserts that Dr. Lary's assessment was not sufficiently specific to support the ALJ's residual functional capacity finding, and that there is no other evidence in the record to support claimant's ability to perform medium work. It is true that Dr. Lary never stated how much weight claimant could lift, but his assessment that claimant's ability to lift was only mildly to minimally impaired is consistent with the lifting requirements of medium work. There was substantial evidence in the record to support the ALJ's residual functional capacity finding, even without a physician's assessment with functional limitations corresponding to each aspect of the ALJ's finding. *See Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("We note that the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors."). That evidence included claimant's treatment records, x-ray results, compliance with treatment, clinical examinations, and positive response to treatment, as well as the remainder of Dr. Lary's assessment.

In summary, claimant has offered nothing more than her disagreement with the ALJ's residual functional capacity finding. That is not sufficient to carry her burden of proving disability. Even though there may be *some* evidence contrary to the ALJ's

opinion, the decision was supported by substantial evidence. It also was in accordance with applicable law. Accordingly, the ALJ's decision is due to be affirmed. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 4th day of December, 2018.

_____
United States District Judge